# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TRUSTEES OF THE OPERATING ENGINEERS'
LOCAL 324 PENSION FUND, OPERATING
ENGINEERS' LOCAL 324 HEALTH
CARE PLAN, OPERATING ENGINEERS' LOCAL
324 VACATION & HOLIDAY FUND, OPERATING
ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND,
OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP
FUND, and OPERATING ENGINEERS' LOCAL 324
DEFINED CONTRIBUTION PLAN,
Trust Funds Established and Administered
Pursuant to Federal Law,

   Plaintiffs,             Case No. 16-cv-

v.                      Hon.

MWB CONTRACTING, INC., a Michigan corporation,
and BLUE LAKE CONTRACTNG, LLC, a Michigan
limited liability company, and MARK BOGUES,
an adult Michigan resident,
   Defendants, jointly and severally.
_____/

**DAVID J. SELWOCKI  P51375**
**MATTHEW I. HENZI  P57334**
**BLAINE A. VELDHUIS P78840**
Sullivan, Ward, Asher & Patton, P.C.
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1000
Southfield MI  48075
jnicholson@swappc.com
_____/

## COMPLAINT

  **NOW COME** the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint

against Defendants, MWB Contracting, Inc., Blue Lake Contracting, LLC and Mark Bogus, individually, state as follows:

1.  Plaintiffs are the Trustees of the OPERATING ENGINEERS' LOCAL 324 PENSION FUND, OPERATING ENGINEERS' LOCAL 324 HEALTH CARE PLAN, OPERATING ENGINEERS' LOCAL 324 VACATION & HOLIDAY FUND, OPERATING ENGINEERS' LOCAL 324 RETIREE BENEFIT FUND, OPERATING ENGINEERS' LOCAL 324 APPRENTICESHIP FUND, and OPERATING ENGINEERS' LOCAL 324 DEFINED CONTRIBUTION PLAN, (hereinafter referred to as "FUNDS").  The Funds are Trust Funds established under and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the Township of Bloomfield, Oakland County, Michigan.

2.  Defendants MWB Contracting, Inc. and Blue Lake Contracting, LLC, are Michigan corporations with their principal offices in the State of Michigan (hereinafter "MWB" and "BL").

3.  Pursuant to 29 USC §1301 and the regulations thereunder including 29 CFR § 4203.2, 29 CFR §4001.29 and CFR §4001.3, as well as 26 USC §414(c).

2

MWB and BL were and are under common control and are therefore considered a single employer by virtue of common ownership among other things.

4. Pursuant to a previous Settlement Agreement between the Funds and the Defendants herein, the Defendants admitted that MWB and BL are a single employer/alter ego of one another.

5. Defendant, Mark Bogus (hereinafter "Individual Defendant") is the individual who is the principal owners and officers of MWB and BL. The Individual Defendant is responsible for running the day-to-day operations of MWB and BL and is responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

6. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is the employer within the meaning of §3(5) of ERISA, 29 USC §1002(5), and are thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

7. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS

have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local Union No. 324, and 324-A Union of Operating Engineers, AFL-CIO (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

8. At all times relevant hereto, Defendants MWB and BL were signatory to a Collective Bargaining Agreement with the Union.

9. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

10. Pursuant to the terms and provisions of the Collective Bargaining Agreement between MWB, BL and the Union, MWB and BL agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by MWB and BL, and covered by the Agreement.

9. That pursuant to the provisions of the Trust and Plan documents for the FUNDS, contributions become vested plan assets on the date on which they are due.

11. That pursuant to the Collective Bargaining Agreements, Defendants MWB and BL are required to make fringe benefit contribution payments to be

4

remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

12. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection and attorney fees.

13. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement

14. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and Section 1145.

15. This court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

**COUNT I – Breach of Collective Bargaining Agreement and 29 USC §1145**

16. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 14 above as though fully set forth herein.

17. That notwithstanding their contractual obligations, MWB and BL have failed and refused to pay their obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

18. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

    A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

    B.    Enter an Order that MWB Contracting, Inc. and Blue Lake Contracting, LLC open their books and records for a complete payroll audit;

    C.    Enter a Judgment in favor of Plaintiffs against MWB Contracting, Inc., Blue Lake Contracting, LLC and Mark Bogus, individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

### COUNT II – Breach of Fiduciary Duties of MWB Contracting, Inc., Blue Lake Contracting, LLC and Mark Bogus

19. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 18 above as though fully set forth herein.

20. The Individual Defendant is the fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that they exercised discretionary authority or control respecting management or disposition of the assets of the plans.

21. By engaging in the acts and omissions described, the Individual Defendant have breached his fiduciary duty regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

22. The Individual Defendant is personally liable based on breaching his fiduciary duty pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiff FUNDS request that this Honorable Court grant the following relief:

A. Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that MWB Contracting, Inc. and Blue Lake Contracting, LLC open their books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants MWB Contracting, Inc., Blue Lake Contracting, LLC and Mark Bogus, Individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other, further, or different relief as may be just and equitable under the circumstances.

## COUNT III – BUILDER'S TRUST FUND ACT VIOLATIONS

23. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 22 above as though fully set forth herein.

24. The corporate Defendants were to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

25. The Individual Defendant was the party responsible for running the day-to-day activities of the corporate Defendants and making all of the decisions regarding monies to be held in trust for the FUNDS.

26. Based on the Defendants' failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendants have violated the Michigan Builders' Trust Fund Act.

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

    A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreements as set forth above;

    B.    Enter an Order that Defendants MWB Contracting, Inc. and Blue Lake Contracting, LLC open their books and records for a complete payroll audit;

    C.    Enter a Judgment in favor of Plaintiffs against Defendants MWB Contracting, Inc., Blue Lake Contracting, LLC and Mark Bogus, Individually, for all unpaid fringe benefit contributions, including those set forth in the above ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

    D.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other further or different relief as may be just and equitable under the circumstances.

        Respectfully submitted,

        s/David J. Selwocki
        Sullivan, Ward, Asher & Patton, P.C.
        Attorney for Plaintiffs
        25800 Northwestern Hwy., Suite 1000
        Southfield, MI  48075
        248.746.0700
        jnicholson@swappc.com
        P51375

Dated:
W1868846.DOC/A56-117351